1   DONALD W. SEARLES (Cal. Bar No. 135705)
    Email:  searlesd@sec.gov
2   M. LANCE JASPER (Cal. Bar No. 244516)
    Email:  jasperml@sec.gov
3
    Attorneys for Plaintiff
4   Securities and Exchange Commission
    Michele Wein Layne, Regional Director
5   Alka N. Patel, Associate Regional Director
    Amy J. Longo, Regional Trial Counsel
6   444 S. Flower Street, Suite 900
    Los Angeles, California 90071
7   Telephone: (323) 965-3998
    Facsimile: (213) 443-1904

8

| FILED |
| CLERK, U.S. DISTRICT COURT |
| 11/19/2020 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: _____ WH _____ DEPUTY |

link #30

9               **UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11

12  SECURITIES AND EXCHANGE            **Case No. CV 5:19-CV-01517** - PSG
    COMMISSION,
13                                     **[PROPOSED] FINAL JUDGMENT AS
            Plaintiff,                 TO  DEFENDANT CRAIG
14                                     RUMBAUGH**
            vs.
15
16  CRAIG RUMBAUGH,
    RUMBAUGH FINANCIAL, INC,
17  AND DESERT STRATEGIC
    EQUITY, LLC,
18
            Defendants.
19

20
21
22
23
24
25
26
27
28

1    The Securities and Exchange Commission having filed a Complaint and

2    Defendant Craig Rumbaugh having entered a general appearance; consented to the

3    Court's jurisdiction over Defendant and the subject matter of this action; consented to

4    entry of this Final Judgment without admitting or denying the allegations of the

5    Complaint (except as to jurisdiction and except as otherwise provided herein in

6    paragraph IX); waived findings of fact and conclusions of law; and waived any right

7    to appeal from this Final Judgment:

8                                          I.

9        IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant is

10   permanently restrained and enjoined from violating Sections 206(1) and (2) of the

11   Advisers Act [15 U.S.C. §§ 80b-6(1) & 80b-6(2)], by directly or indirectly:

12       1.     employing any device, scheme or artifice to defraud any client or

13   prospective client; and

14       2.     engaging in any transaction, practice, or course of business which

15   operates or would operate as a fraud or deceit upon any client or prospective client;

16       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

17   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

18   binds the following who receive actual notice of this l Judgment by personal service

19   or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys;

20   and (b) other persons in active concert or participation with Defendant or with anyone

21   described in (a).

22                                         II.

23       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

24   Defendant is permanently restrained and enjoined from violating Section 17(a) of the

25   Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale

26   of any security by the use of any means or instruments of transportation or

27   communication in interstate commerce or by use of the mails, directly or indirectly:

28       (a)     to employ any device, scheme, or artifice to defraud;

                                           1

(b)     to obtain money or property by means of any untrue statement of a
        material fact or any omission of a material fact necessary in order to
        make the statements made, in light of the circumstances under which
        they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which
        operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a
        material fact necessary in order to make the statements made, in the light
        of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or
        would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

2

1  binds the following who receive actual notice of this Final Judgment by personal

2  service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

3  attorneys; and (b) other persons in active concert or participation with Defendant or

4  with anyone described in (a).

5                                                                IV.

6            IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

7  Defendant is permanently restrained and enjoined from violating Section 5(a) and (c)

8  of the Securities Act [15 U.S.C. § 77e(a) & (c)] by, directly or indirectly, in the

9  absence of any applicable exemption:

10           (a)       Unless a registration statement is in effect as to a security, making use of

11                      any means or instruments of transportation or communication in

12                      interstate commerce or of the mails to sell such security through the use

13                      or medium of any prospectus or otherwise; or

14           (c)       Making use of any means or instruments of transportation or

15                      communication in interstate commerce or of the mails to offer to sell or

16                      offer to buy through the use or medium of any prospectus or otherwise

17                      any security, unless a registration statement has been filed with the

18                      Commission as to such security, or while the registration statement is the

19                      subject of a refusal order or stop order or (prior to the effective date of

20                      the registration statement) any public proceeding or examination under

21                      Section 8 of the Securities Act [15 U.S.C. § 77h].

22           IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

23  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

24  binds the following who receive actual notice of this Final Judgment by personal

25  service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

26  attorneys; and (b) other persons in active concert or participation with Defendant or

27  with anyone described in (a).

28

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), which makes it unlawful for any broker or dealer which is either a person other than a natural person or a natural person, to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant liable, jointly and severally with Defendants Rumbaugh Financial, Inc. and Desert Strategic Equity, LLC, for disgorgement of $676,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon  in the amount of  $137,808.31, for a total of $813,808.31. Defendant shall satisfy this obligation by paying $813,808.31 to the Securities and Exchange Commission within 14 days after entry of final judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard

4

1    Oklahoma City, OK 73169

2  and shall be accompanied by a letter identifying the case title, civil action number,

3  and name of this Court; [Defendant's name] as a defendant in this action; and

4  specifying that payment is made pursuant to this Final Judgment.

5    Defendant shall simultaneously transmit photocopies of evidence of payment

6  and case identifying information to the Commission's counsel in this action.  By

7  making this payment, Defendant relinquishes all legal and equitable right, title, and

8  interest in such funds and no part of the funds shall be returned to Defendant.

9    The Commission shall hold the funds (collectively, the "Fund") and may

10 propose a plan to distribute the Fund subject to the Court's approval.  The Court shall

11 retain jurisdiction over the administration of any distribution of the Fund.  If the

12 Commission staff determines that the Fund will not be distributed, the Commission

13 shall send the funds paid pursuant to this Final Judgment to the United States

14 Treasury.

15    The Commission may enforce the Court's judgment for disgorgement and

16 prejudgment interest by moving for civil contempt (and/or through other collection

17 procedures authorized by law) at any time after 14 days following entry of this Final

18 Judgment].  Defendant shall pay post judgment interest on any delinquent amounts

19 pursuant to 28 U.S.C. § 1961.

20    VII.

21    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

22 Defendant is liable for a civil penalty in the amount of $192,768 pursuant to Section

23 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange

24 Act [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy this obligation by paying

25 $192,768 to the Securities and Exchange Commission within 30 days after entry of

26 this Final Judgment.

27    Defendant may transmit payment electronically to the Commission, which will

28 provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also

5

be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified

check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Michael R. Gregory as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To

preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or

7

any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 11/19/2020 _____

UNITED STATES DISTRICT JUDGE

## **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

      U.S. SECURITIES AND EXCHANGE COMMISSION,
      444 S. Flower Street, Suite 900, Los Angeles, California 90071
      Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On November 18, 2020, I caused to be served the document entitled **[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT CRAIG RUMBAUGH** on all the parties to this action addressed as stated on the attached service list:

☐    **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

      ☐    **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

      ☐    **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐    **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐    **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐    **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒    **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐    **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

      I declare under penalty of perjury that the foregoing is true and correct.

Date:  November 18, 2020          */s/ Sarah Mitchell*
                                     Sarah Mitchell

*SEC v. Rumbaugh, et al.*
**United States District Court—Central District of California**
**Case No.** 5:19-cv-01517-PSG-SP

### SERVICE LIST

Julie E. Kamps, Esq. *(via ECF)*
1600 Dove Street, Suite 250
Newport Beach, CA 92660
kamps@wpcfs.com
***Counsel for Defendants Craig Rumbaugh, Rumbaugh Financial, Inc., and Desert Strategic Equity, LLC***